UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| MICHELLE M. COLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) 4:12-cv-0071-TWP-DML |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**Report and Recommendation**
**on Complaint for Judicial Review of the**
**Final Decision of the Commissioner**

**Introduction**

The Honorable Tanya Walton Pratt designated this magistrate judge, as provided by 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(a), to issue a report and recommendation on the complaint by plaintiff Michelle M. Collins. Ms. Collins seeks judicial review of the final decision of the Commissioner of the Social Security Administration that she was not entitled to disability insurance benefits under Title II of the Social Security Act because she was no longer insured at the time she became disabled. Having considered the administrative record, the parties' arguments in their briefing at dockets 16 and 17, and the applicable law, the magistrate judge now makes this report and recommendation that the Commissioner's decision be AFFIRMED.

## I. Procedural History

On July 6, 2007, Ms. Collins applied for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.* Throughout the administrative process, she alleged that she became disabled on September 26, 2005. (*See, e.g.,* R. 117, 125). On March 26, 2010, after a hearing, the administrative law judge issued his decision that Ms. Collins had become disabled as of September 26, 2005, and was entitled to Medicare based on that disability. (R. 15). However, the ALJ determined that her "date last insured" was September 30, 2004, and because Ms. Collins did not become disabled until after that date, she was not entitled to Title II disability benefits. (R. 20). The Appeals Council denied review of the ALJ's decision, rendering the ALJ's decision for the Commissioner final. Ms. Collins filed this civil action under 42 U.S.C. § 405(g) for review of the Commissioner's decision.

## II. Statement of the Issue and Relevant Facts

Ms. Collins raises one issue on appeal – whether the ALJ properly determined her date last insured. His decision turned on whether Ms. Collins should be credited with certain self-employment earnings from 1999, even though she did not report them until 2007. If those earnings are credited, Ms. Collins's date last insured would have been December 31, 2005, and because she was found to have become disabled on September 25, 2005, she would have been entitled to DIB. But the ALJ did not credit those earnings, and because Ms. Collins was not

disabled as of the date last insured of September 30, 2004, she was not entitled to benefits.

On December 17, 2007—shortly after filing her application for DIB—Ms. Collins filed amended federal and state income tax returns for the calendar year 1999 and reported self-employment income of $1,355 that she earned from selling baskets and antiques. (R. 132-140). On April 1, 2008, the IRS notified Ms. Collins that because the limitations period allowing it to assess and collect taxes on the 1999 income had expired, she would not be charged additional tax; she would, however, "receive credit for $1,251.00 on earnings from self-employment." (R. 141). Based on these new earnings, the Social Security Administration's "DIB Insured Status Report" dated October 23, 2009, calculated Ms. Collins's last date insured as December 31, 2005. (R. 151-52).

The ALJ determined, however, that the SSA's record was incorrect because Ms. Collins had waited too long under SSA regulations to amend her 1999 tax return. That self-employment income therefore did not count as part of her earnings record for establishing her date last insured. He noted that applicable law and SSA regulations require that for quarters of insurance coverage to be added because of additional self-employment income, a claimant's tax return must be amended within three years, three months, and fifteen days after the end of the taxable year—or, in this case, by March 15, 2003—and that the SSA may not change an earnings record because of an increase in a claimant's self-employment income reported after that time. R. 17 (citing 42 U.S.C. § 405(c)(1)(B) (defining

3

"time limit"), 20 C.F.R. § 404.802 (defining "time limit"), 20 C.F.R. § 404.822(b)(2)(i-ii) (describing rules for correcting earnings record to match self-employment income reported on tax return). The ALJ accordingly removed the extra earnings coverage that had been added to Ms. Collins's record, and corrected her date last insured to September 24, 2004, a date before Ms. Collins's disability onset date. (R. 17). The SSA's record of Ms. Collins's insured status was also corrected: a DIB Insured Status Report, dated March 22, 2010, which does not include the 1999 self-employment income, reports her date last insured as September 24, 2004. (R. 158-59).

After Ms. Collins filed this litigation and at Ms. Collins's request, the SSA sent Ms. Collins a letter dated July 18, 2012, regarding its review of her earnings record and stated that it had "changed our records to show the following amounts for the employment you asked us about:

| SOURCE OF EARNINGS | YEAR | Social Security | Medicare |
|---|---|---|---|
| Self Employment | 1999 | $1,356.00 | $1,356.00" |

(Dkt. 16-1).

But, as reported by the Commissioner and not contested by Ms. Collins, the SSA again corrected its error, with a notice dated October 19, 2012, and clarified that Ms. Collins has no self-employment income for 1999. (Dkt. 17 at p. 7 n.4).[1]

---

[1] In her opening brief, Ms. Collins requested that the court remand so that the Commissioner could consider the July 18, 2012, as new, material evidence that her 1999 self-employment earnings should be added to her earnings record. She did not renew that request after the Commissioner responded that the July 18, 2012 notice was erroneous and had itself been corrected with the October 19, 2012 notice.

4

### III. Analysis

To be entitled to Disability Insurance Benefits under Title II of the Social Security Act, a claimant must establish that her disability arose while she was insured for benefits. *Briscoe ex rel. Taylor v. Barnhart,* 425 F.3d 345, 348 (7th Cir. 2005); *Stevenson v. Chater,* 105 F.3d 1151, 1154 (7th Cir. 1997) (to recover DIB, claimant must establish that her disability arose at least as of the date her status as an insured expired).

Ms. Collins does not dispute that *if* the ALJ was correct that her 1999 self-employment earnings cannot be used to extend her coverage period, then the final decision that she was not entitled to DIB must be affirmed. She argues that the ALJ's decision was improper because, though the SSA was not obligated to grant Ms. Collins an additional period of coverage based on the 1999 earnings she did not report until 2007, the SSA had in fact, at times, calculated her date last insured based on those additional earnings. Ms. Collins contends that the ALJ, acting for the Commissioner, was powerless to determine that there was an error in the SSA's records. She cites no authority for this proposition.

Indeed, contrary to Ms. Collins's argument, the SSA's regulations expressly address the circumstances under which a record of a claimant's earnings may be corrected. *See* 20 C.F.R. § 404.822. The regulations permit correction of SSA's records to match wage or self-employment information entered on a claimant's

---

Further, and as discussed below, it is indisputable that under applicable SSA regulations, Ms. Collins's 1999 earnings were reported too late to have become part of her earnings record for DIB.

income tax records in most instances. *Id.* at § 404.822(b). However, for self-employment income that is reported on an income tax return filed "after the time limit ends," the Social Security Administration "may remove, or reduce" the amount of self-employment income shown on its records in order to match the tax return, but may not *increase* the amount of self-employment income to match the return. The regulation states in pertinent part:

> **(b)** *Correcting SSA records to agree with tax returns.* We will correct SSA records to agree with a tax return of wages or self-employment income to the extent that the amount of earnings shown in the record is correct.
>
> > **(1)** *Tax returns of wages.* We may correct the earnings record to agree with a tax return of wages or with a wage report of a State.
> >
> > **(2)** *Tax returns of self-employment income*
> >
> > > --**(i)** *Return filed before the time limit ended.* We may correct the earnings record to agree with a tax return of self-employment income filed before the end of the time limit.
> > >
> > > --**(ii)** *Return filed after time limit ended.* We may remove or reduce, but not increase, the amount of self-employment income entered on the earnings record to agree with a tax return of self-employment income filed after the time limit ends.

20 C.F.R. § 404.822(b)(i)-(ii). The "time limit" is defined as "a period of time 3 years, 3 months, and 15 days after any year in which you received earnings." 20 C.F.R. § 404.802 (definitions provision). Thus, for Ms. Collins's 1999 self-employment income, the time limit was March 15, 2003. Because Ms. Collins waited until 2007 to file a tax return reporting the 1999 self-employment income, this income was reported "after the time limit ended," and under that circumstance, the Social Security Administration "may . . . not increase . . . the amount of self-employment

6

income entered on the earnings record to agree with a tax return of self-employment income." *Id.* § 404.822(b)(2)(ii).[2]

Moreover, the Social Security Administration may always correct errors on an earnings record that are apparent from the pertinent SSA records. 20 C.F.R. § 404.822(e)(2); 42 U.S.C. § 405((c)(5)(C) (Commissioner may change or delete any entry with respect to wages or self-employment income "to correct errors apparent on the face of such records"). That is all that occurred when the ALJ realized that Ms. Collins's earnings record at one point erroneously included 1999 self-employment income that she had not reported on an income tax return until many years "after the time limit ended."

## Conclusion

The magistrate judge recommends that the court AFFIRM the Commissioner's final decision that because Ms. Collins became disabled only *after* her insured status had ended, she was not eligible for Disability Insurance Benefits under Title II.

The Clerk is directed promptly to mail a copy of this report and recommendation to each party in accordance with Fed. R. Civ. P. 72(a).

Any objections to this report and recommendation must be filed with the court in accordance with Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1) within 14 days of service. Failure to object will result in waiver of objection or appeal of the issues addressed in this report and recommendation.

---

[2] There are a "handful of narrow exceptions" to this rule, as provided under 42 U.S.C. § 405(c)(5). Ms. Collins does not argue that any of these applies.

**Counsel should not anticipate extensions of this deadline or any other related briefing deadlines.**

**IT IS SO RECOMMENDED.**

**Date:** 07/16/2013

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

**Distribution:**

**Timothy Reidinger**
**636 East Daily Lane**
**New Albany, IN  47150**
**timreidinger@sbcglobal.net**

**Thomas E. Kieper**
**UNITED STATES ATTORNEY'S OFFICE**
**10 West Market Street, Suite 2100**
**Indianapolis, IN 46204**
**tom.kieper@usdoj.gov**